IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANET J. ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 10-4054-JAR |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM ORDER AND OPINION**

This matter comes before the Court upon Defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Doc. 21), pursuant to Sentence Four of 42 U.S.C. § 405(g). Plaintiff has filed a response in objection, urging the Court to deny remand, or in the alternative, to remand "with an order for an immediate calculation and award of benefits or provide instructions for the ALJ to properly consider the errors committed by the ALJ . . . ." Defendant has filed a reply.

This appeal arises from a decision of the Administrative Law Judge ("ALJ") that plaintiff was not disabled during the period of September 10, 2003 (her alleged onset date), through October 22, 2007 (the date of the ALJ's decision). Plaintiff filed a subsequent application, however, and Defendant found Plaintiff to be disabled as of October 23, 2007, the day after the earlier unfavorable decision.

Now Defendant moves, pursuant to Sentence Four, for an order reversing and remanding this case, arguing that such a reversal and remand will allow the Appeals Council to consider whether the evidence in the subsequent decision in favor of Plaintiff, would change the unfavorable decision now before the Court for review. This reversal and remand, Defendant

argues, may make further judicial review unnecessary.

Plaintiff urges the Court to consider reversal with an order for an immediate calculation of award and benefits. While the Court has this discretion, the Court declines. While the Court is mindful that Plaintiff's claim has been pending for seven years, it is not readily apparent that the Plaintiff is entitled to benefits for all of the period preceding October 23, 2007. Moreover, although Plaintiff posits that there is no basis for a Sentence Four remand and that this is in essence an improper request for a Sentence Six remand, without a showing of new evidence, the Court finds those arguments unavailing. Defendant is not seeking a Sentence Six remand; and defendant need not make a showing that there is new evidence to support a Sentence Four remand. This remand is justified for the reasons Defendant posits; in light of the Defendant's subsequent determination that disability began on October 23, 2007, there is a compelling reason for the Appeals Council to review Plaintiff's earlier claim for disability and determine whether the record supports such an earlier date of disability.

In the alternative, Plaintiff urges the Court to remand with an order providing instructions for the ALJ to properly consider the points of error raised in this appeal. Citing to the Hearings, Appeals and Litigation Law Manual,[1] Defendant responds that upon remand, the Appeals Council will consider whether the additional evidence in the subsequent claim permits a fully favorable decision in the claim now before the Court, and if not, the case will be remanded to an ALJ for further consideration in light of the new evidence and for a new decision. It appears to the Court that Plaintiff has no strong opposition to this, so long as the Court instructs Defendant to consider the merits of its decision, including the points of error raised in this appeal.

---

[1] I Office of Hearings & Appeals, S.S.A., Dep't of Health & Human Servs., Hearings, Appeals and Litigation Law Manual div. IV, ch. I-4-2 at 30 (Sept. 13, 2005), *available at* HALLEX I-4-2-30, 1993 WL 643652.

The Court agrees that unless the Appeals Council finds that the subsequent favorable decision permits a fully favorable decision on the pending claim, the next step of Defendant's review should be before an ALJ for further consideration of the pending claim, in light of the evidence and findings developed in the subsequent claim. In that review, the ALJ should also review the record in the context of the points of error raised in this appeal: not giving controlling weight to the opinions of the treating physicians; not properly evaluating Plaintiff's allegations of pain; and not properly assessing the severity of Plaintiff's fibromyalgia.

**IT IS THEREFORE ORDERED** that this case is **reversed and remanded** to the Commissioner of Social Security pursuant to Sentence Four of 42 U.S.C. § 405(g) for entry of final judgment;

**IT IS FURTHER ORDERED** that upon remand the Appeals Council will consider whether the additional evidence in the subsequent claim permits a fully favorable decision in the claim now before the Court, and if not, the case will be remanded to an ALJ for further consideration of the pending claim, in light of the evidence and findings developed in the subsequent claim. In that review, the ALJ should also review the record in the context of the points of error raised in this appeal: not giving controlling weight to the opinions of the treating physicians; not properly evaluating Plaintiff's allegations of pain; and not properly assessing the severity of Plaintiff's fibromyalgia.

**IT IS SO ORDERED**.

Dated: April 20, 2011

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE